UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CARDIOVASCULAR SPECIALTY CENTER OF BATON ROUGE, LLC | CIVIL ACTION |
| VERSUS | |
| UNITED HEALTHCARE OF LOUISIANA, INC. | NO.: 14-00235-BAJ-RLB |

## RULING AND ORDER

Before this Court is Defendant's **Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 3)**, filed by United Health Care of Louisiana, Inc. ("United"), seeking an order from this Court dismissing the claims of Cardiovascular Specialty Center of Baton Rouge, LLC ("Cardiovascular"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Cardiovascular opposes the motion. (Doc. 7). United filed a reply memorandum in opposition. (Doc. 21). In the alternative, Cardiovascular requests leave to amend their Petition, pursuant to Rule 15(a) (Doc. 7 at p. 7).

Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons explained below, Cardiovascular's **Request for Leave to Amend** shall be **GRANTED**. United will then be permitted to move to dismiss the amended complaint if it so chooses.

1

I.  Background

On or about March 17, 2013, Cardiovascular filed this suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, naming United as the sole Defendant. (Doc. 1-1). On April 17, 2014, United removed this action to the United States District Court for the Middle District of Louisiana on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a) of the Employee Retirement Income Security Act ("ERISA"). (Doc. 2). Cardiovascular explicitly alleges the state law claims for open account, breach of contract, failure to investigate, and bad faith. (*Id.* at ¶¶ 23-44). Cardiovascular also contends that it raised claims for negligent misrepresentation and detrimental reliance in its Petition.[1] (*See Id.* at ¶¶ 8-9).

Cardiovascular operates a medical practice specializing in cardiology. (*Id.* at ¶ 4). With respect to the claims at issue, Cardiovascular provided medical services to fifty-five patients insured by United ("United Insureds"). (*Id.* at ¶¶ 5-6). Cardiovascular alleges that United preauthorized it to treat the United Insureds for certain medical services, and informed Cardiovascular that it would be reimbursed for those medical services. (*Id.* at ¶¶ 8-9). Cardiovascular asserts that it has not been paid by United for the services provided to the United Insured according the "Usual and Customary Rates" for such services provided, and that it is owed a total of $1,553,612.33. (*Id.* at ¶¶ 12-16). Cardiovascular further alleges that the United

---

[1] Cardiovascular specifically asserted these additional causes of action in its Objections to the Magistrate Judge's Report and Recommendation regarding Cardiovascular's Motion to Remand. (Doc. 19). In its response to Cardiovascular's Objections, United avers that Cardiovascular did not assert a detrimental reliance or negligent misrepresentation claim in its Petition. (Doc. 22 at pp. 2-3).

2

Insureds have assigned to Cardiovascular their claims for reimbursement from United. (*Id.* at ¶¶ 10, 28, 37).

II. Analysis

A. ERISA Preemption

United asserts that the claims set forth by Cardiovascular are preempted by ERISA and should accordingly be dismissed. (Doc. 3-1 at pp. 3-8). Congress designed ERISA "to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004) ("The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans."). Although all of Cardiovascular's claims are likely to be preempted in some way by ERISA and subject to dismissal, this Court finds it unnecessary to conduct a lengthy legal analysis of these claims at this stage given that the most equitable option is to grant Cardiovascular leave to amend its Petition. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Nevertheless, a brief overview of complete and conflict preemption under ERISA and its probable effect on Cardiovascular's claims is instructive.

Under complete preemption, any state law cause of action that seeks relief within the scope of ERISA's civil enforcement section, "regardless of how artfully pleaded as a state action," is removable to federal court. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999); *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Section 502(a)(1)(B) of ERISA provides that a participant or

3

beneficiary of an ERISA-regulated plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).² In *Aetna Health Inc. v. Davila*, the United States Supreme Court articulated the following two-prong standard for determining whether a claim is completely preempted: A suit "falls 'within the scope of' ERISA § 502(a)(1)(B) . . . if [the] individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B) and where there is no other independent legal duty that is implicated by a defendant's actions . . . " 542 U.S. at 210. The Court explained, however, that ERISA need not strictly duplicate a state-law cause of action in order for the state law to be preempted. *See id.* at 209 ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). Consequently, a state law claim that falls within the scope of Section 502's enforcement remedy is "completely preempted" and is subject to dismissal. *Id.* at 221.

As discussed at greater length in this Court's Ruling and Order Adopting the Magistrate Judge's Report and Recommendation denying Cardiovascular's Motion to Remand, Cardiovascular's claims for open account and breach of contract are completely preempted by ERISA because the claims meet both prongs of the test

---

² *See also McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (holding that "complete preemption exists when a remedy falls within the scope of or is in direct conflict with [ERISA's civil enforcement section]").

established in *Davila*.[3] (*See* Docs. 18, 23). To reiterate briefly, the claims seek payment for services rendered to the United Insureds, therefore, both are simply claims to recover benefits; and although there may also be an independent legal duty based on United's alleged preauthorization, Cardiovascular also asserted its claims in a derivative capacity for ERISA benefits. (*See* Doc. 1-1 at ¶¶ 10, 28, 37). Under these circumstances, the Court appropriately found Cardiovascular's claims to be completely preempted. *See Abilene Regional Medical Center v. United Industrial Workers Health & Benefits Plan*, No. 06-10151, 2007 WL 715247, *3 (5th Cir. 2007) (recognizing that ERISA preempts a state law claim when the plaintiff is an assignee asserting a derivative claim for benefits because there is no independent legal duty); *see also See Center for Restorative Breast Surgery, L.L.C.*, 2011 WL 1103760, *2 (If a health care provider has both a valid assignment of its patient's rights and a direct claim arising under state law, "the mere existence of an assignment of the patient's rights under the ERISA plan is jurisdictionally irrelevant *so long as* the provider is not actually seeking to enforce that derivative claim.").

---

[3] Courts have consistently found that where a healthcare provider has alleged an assignment of benefits and is seeking to recover benefits, their claims for open account are preempted by ERISA. *See, e.g., Oschner Foundation Hosp. v. Comeaux*, No. 06-11399, 2007 WL 2810993, *4 (E.D. La. 2007). Similarly, the United States Court of Appeals for the Fifth Circuit has also consistently held that state law claims for breach of contract, when the healthcare provider seeks to recover benefits owed under the plan to plan participants who have assigned their rights to benefits, are preempted by ERISA. *See, e.g., Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas, Inc.*, 164 F.3d 952, 954 (5th Cir. 1999).

Under the conflict preemption provision, Section 514(a), ERISA shall supersede "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The United States Court of Appeal for the Fifth Circuit has held that

> ERISA conflict preempts a state law claim if a two-prong test is satisfied: (1) The state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 432 (5th Cir. 2004). Cardiovascular's claims for open account and breach of contract, even if they were not completely preempted by ERISA, would be conflict preempted because both claims *relate* to the right to receive benefits under an ERISA plan. Likewise, Cardiovascular's claims for failure to investigate and bad faith relate to the relationship between traditional ERISA entities and thus, are also conflict preempted.[4] For purposes of this ruling, the Court need not decide the contested issue as to whether Cardiovascular adequately alleged claims for negligent misrepresentation and detrimental reliance in its Petition, but assuming that it did, those claims would also be conflict preempted under this analysis.

---

[4] The failure to investigate claim is based on United's alleged failure to verify, through reasonable investigation, whether the claims were excluded from coverage. (Doc. 1-1 at ¶¶ 31-34). If the provisions of an ERISA plan have to be examined to adjudicate a claim, as would be the case for this failure to investigate claim, then the claim is preempted by ERISA. *See Mayeaux*, 376 F.3d at 432–33. The claim for bad faith damages, as a statutory penalty, is also preempted ERISA. *See e.g.*, *Sublett v. Premier Bancorp Self Funded Medical Plan*, 683 F.Supp. 153, 155 (M.D. La. 1988) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)).

B.  **Leave to Amend**

The Fifth Circuit has held that, where a plaintiff limits the complaint to state law claims that are preempted by ERISA and has not sought to add any claims under ERISA, such state law claims are not only subject to removal but are also subject to dismissal. *Quality Infusion Care Inc. v. Humana Health Plan of Texas, Inc.*, 290 F. App'x 671, 682 (5th Cir. 2008). *See also Geske v. Williamson*, 80 F. App'x 906 (5th Cir. 2003) (affirming district court decision holding that Insured's state law fraudulent misrepresentation claim was preempted by ERISA and appropriately dismissed by the district court); *Hobson v. Robinson*, 75 F. App'x 949 (5th Cir. 2003) (affirming the dismissal of state law breach of contract claim asserted by employer and employee against health insurance broker, based upon lack of payment under health insurance policy as preempted by ERISA because claim had a connection with or reference to ERISA plan). As a result, all of Cardiovascular's claims are subject to dismissal because they are either completely preempted or conflict preempted by ERISA.

Importantly, however, the Fifth Circuit has also held that a district court's dismissal of a case involving only state law claims preempted by ERISA without first allowing the plaintiff to amend his complaint to add ERISA claims constitutes an abuse of discretion. *See Adobbati v. Guardian Life Ins. Co. of America*, 213 F.3d 638 (5th Cir. 2000); *see also Perry v. Prudential Co. of America*, No. 11-559-CN, 2012 WL 253403, *3 n. 8 (M.D. La. 2012) (citing *Adobbati*). Further, as stated previously, leave to amend a pleading "shall be freely given when justice so

7

requires." Fed. R. Civ. P. 15(a). Accordingly, this Court will grant Cardiovascular's request to amend its complaint to add ERISA claims. United will then be permitted to file a motion to dismiss for the claims in the amended complaint.

III. **Conclusion**

Accordingly,

**IT IS ORDERED** that Cardiovascular's Request for Leave to Amend is **GRANTED**. Within twenty-one (21) days of the entry of this Order, Cardiovascular shall file an amended complaint.

**IT IS FURTHER ORDERED** that United's **Motion to Dismiss (Doc. 3)** is **DENIED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 9th day of March, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA