**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CARDIOVASCULAR SPECIALTY CARE CENTER OF BATON ROUGE, LLC** — **CIVIL ACTION**

**VERSUS**

**UNITED HEALTHCARE OF LOUISIANA, INC.** — **NO.: 14-00235-BAJ-RLB**

**RULING AND ORDER**

Before the Court is a **Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 35)** filed by Defendant United Healthcare of Louisiana, Inc. ("Defendant"). Plaintiff Cardiovascular Specialty Care Center of Baton Rouge, LLC ("Plaintiff") has filed a memorandum in opposition (Doc. 55), to which Defendant has replied (Doc. 58). For reasons explained herein, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiff asserts that according to a Participating Provider Agreement between it and First Health Group Corporation Services, Defendant owes it money for medical services rendered to Defendant's insureds. (*See* Doc. 26). Defendant, unsurprisingly, disagrees and seeks to dispose of Plaintiff's 725-paragraph Amended Complaint in a Rule 12(b)(6) motion to dismiss that asserts (1) Plaintiff's five state law claims are belied by the language of the agreements upon which they rely, (2) Plaintiff's five state law claims are preempted by the Employee Retirement

Income Security Act of 1974 ("ERISA"), (3) Plaintiff's ERISA § 502(a)(1)(B) is improperly pled, and (4) Plaintiff's ERISA § 502(a)(3) is barred by Plaintiff's ERISA § 502(a)(1)(B) claim. (*See* Doc. 35-1).

## II. STANDARD OF REVIEW

To defeat a Rule 12(b)(6) motion to dismiss, a complaint must (a) state a claim upon which relief can be granted, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and (b) provide the Court with sufficient factual content from which "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When evaluating a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded facts as true and views them in a light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

## III. DISCUSSION

### A. Are Plaintiff's five state law claims belied by the language of the agreements upon which they rely?

Defendant asserts that Plaintiff's five state law claims are belied by the language of the Participating Provider[1] and Payor[2] agreements upon which they rely. (*See* Doc. 35-1 at pp. 6—10); (*See* Doc. 58 at pp. 2—3). However, because both of these agreements lie outside of the Amended Complaint, they can only be considered to the extent that they are (a) central to Plaintiff's claims (b) referred to

---

[1] Formally titled the Coventry Health Care of Louisiana, Inc., Participating Ancillary Provider Agreement. *See* Doc. 55-1.

[2] Formally titled the First Health Group Corp. Services Agreement. *See* Doc. 54-1.

in Plaintiff's Amended Complaint and (c) attached to Defendant's Rule 12(b)(6) motion to dismiss. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

After a careful review of the record, the Court finds that neither of these agreements is properly before the Court at this time. The Participating Provider Agreement was not attached to Defendant's Rule 12(b)(6) motion to dismiss, (*see* Doc. 55-1), and the Payor Agreement is not in any way central to Plaintiff's claims,[3] (*see* Doc. 55 at pp. 14—16) (wherein Plaintiff denies being bound by the Payor Agreement).

Therefore, Defendant's request that Plaintiff's five state law claims be dismissed based upon the language of the Participating Provider and Payor agreements is denied.

### B. Are Plaintiff's five state law claims preempted by ERISA?[4]

Defendant asserts that Plaintiff's five state law claims are completely and expressly preempted by ERISA. (*See* Doc. 35-1 at pp. 10—15); (*See* Doc. 58 at pp. 4—5). However, that cannot be true given the fact that Plaintiff's five state law claims incorporate[5] both right-to-payment[6] and rate-of-payment[7] allegations. The

[3] The fact that the Payor Agreement is central to Defendant's defense does not make it reviewable under *Scanlan*.

[4] Under this Court's March 3, 2015 Ruling and Order, (Doc. 23), the plans at issue are ERISA plans. *See* Doc. 26 at ¶ 710.

[5] *See* Doc. 26 at ¶¶ 665, 683, 687, 697, 703.

[6] *See* Doc. 26 at ¶¶ 79—319; Doc 55 at p. 5 (wherein Plaintiff asserts that paragraphs 79—319 of its Amended Complaint describe claims for which Defendant has made "no reimbursement . . . whatsoever").

[7] *See* Doc. 26 at ¶¶ 320—664.

former are preempted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). The latter are not. *See Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 530 (5th Cir. 2009); *Mem'l Hermann Hosp. Sys. v. Aetna Health Inc.*, No. 11-CV-267, 2011 WL 3703770, at *3 (S.D. Tex. Aug. 23, 2011).

Therefore, rather than step into Plaintiff's shoes, the Court will grant Plaintiff's request for leave to amend,[8] at which point the Court assumes Plaintiff will confine its right-to-payment[9] allegations to its ERISA § 502(a)(1)(B) claim.[10] Yet, in the meantime, Defendant's request that Plaintiff's five state law claims be dismissed as completely and expressly preempted by ERISA is denied.

**C. Is Plaintiff's ERISA § 502(a)(1)(B) claim improperly pled?**

Defendant asserts that Plaintiff's ERISA § 502(a)(1)(B)[11] claim is improperly pled. (*See* Doc. 35-1 at pp. 15—19). That is, in all but one instance,[12] untrue.[13]

Plaintiff's ERISA § 502(a)(1)(B) claim asserts that as a third-party administrator, (Doc. 26 at ¶ 33), Defendant exercised actual control over the

---

[8] *See* Doc. 55 at p. 20.

[9] *See* Doc. 26 at ¶¶ 708-723.

[10] Given that the next complaint will be Plaintiff's third, the Court is not inclined to grant any additional motions to amend. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (affirming the district court's decision to dismiss plaintiff's third amended complaint with prejudice).

[11] The Court accepts, as true, that Plaintiff has "derivative standing" to bring the ERISA § 502(a)(1)(B) claim that it pled. *See* Doc. 26 at ¶ 711; *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 891 (5th Cir. 2003).

[12] *See* Doc. 26 at ¶ 97 (wherein Plaintiff asserts that the *Government Employees Health Association, Inc.* refused to pay Plaintiff the $22,441.98 that it is allegedly owed) (emphasis added).

[13] This, of course, presumes that Plaintiff will amend its Amended Complaint in a way that confines its right-to-payment allegations to its ERISA § 502(a)(1)(B) claim.

benefits claims process, (*id.* at ¶¶ 83, 89, 103, 122, 127, 141, 147, 152, 157, 162, 167, 172, 177, 182, 187, 192, 197, 202, 207, 212, 224, 232, 238, 244, 250, 259, 276, 285, 297, 310), which is precisely the type of claim that *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 844—46 (5th Cir. 2013), permits.[14] Plaintiff's ERISA § 502(a)(1)(B) claim also asserts that the exhaustion of administrative remedies would, in this case, be futile,[15] (*see* Doc. 26 at ¶ 716), given the fact that Defendant has already said that it "cannot continue to divert and devote its . . . personnel resources toward the investigation of what" it considers to be "wholly unsubstantiated claim[s]," (*id.* at ¶ 715).

Because Rule 8 requires nothing more, *see Iqbal*, 556 U.S. at 678, Defendant's request that Plaintiff's ERISA § 502(a)(1)(B) claim be dismissed as improperly pled is denied.

**D. Is Plaintiff's ERISA § 502(a)(3) barred by Plaintiff's ERISA § 502(a)(1)(B) claim?**

Defendant asserts that Plaintiff's ERISA § 502(a)(3) claim is barred by Plaintiff's ERISA § 502(a)(1)(B) claim. (*See* Doc. 35-1 at pp. 19—22); (*See* Doc. 58 at pp. 6—8). With that, the Court cannot disagree. *See Tolson v. Avondale Indus., Inc.*,

[14] The Court notes, in response to Defendant's argument, (*See* Doc. 35-1 at pp. 16—17), that the third-party administrator held liable in *LifeCare* was not an administrator under 29 U.S.C. § 1002(16)(A). *See* 29 U.S.C. § 1002(16)(A)(i) (defining, to the exclusion of all others, an administrator as "the person specifically so designated by the terms of the instrument under which the plan is operated"); *LifeCare Mgmt. Servs. LLC*, 703 F.3d at 839 (noting that the patients' employers were the designated administrators under the terms of the plans).

[15] The Court finds that Plaintiff's blank assertion that it has exhausted all administrative remedies, (*See* Doc. 26 at ¶ 714), is not facially plausible under Rule 8. *See Iqbal*, 556 U.S. at 678. The Court further finds that Plaintiff's assertion that it has "no obligation to exhaust administrative remedies," (*See* Doc. 55 at p. 17), may be true in some cases, (*See, e.g.*, Doc. 26 at ¶¶ 118—123), but certainly is not true in others, (*Id.* at ¶¶ 83, 89).

141 F.3d 604, 610 (5th Cir.1998); *Mathews v. Metro. Life Ins. Co.*, No. 05-CV-2128, 2006 WL 2700056, at *2 (E.D. La. Sept. 16, 2006); *Metro. Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002). The question, however, is whether Plaintiff's § 502(a)(3) claim should be dismissed now, upon the filing of a Rule 12(b)(6) motion to dismiss, or later, upon the filing of a Rule 56 motion for summary judgment.

It is true, as Plaintiff points out, (*see* Doc. 55 at pp. 19—20), that *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 309 (S.D. Tex. 2011), aff'd sub nom. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015), permitted ERISA § 502(a)(1)(B) and § 502(a)(3) claims to be simultaneously pled. It is also true, based upon the Court's own research, that *Tolson*,[16] *Palmer*,[17] and *Matthews*[18] were all dismissed upon the filing of Rule 56 motions for summary judgment rather than Rule 12(b)(6) motions to dismiss. However knowing, as all within the Fifth Circuit do, that § 502(a)(3)'s preclusion does not in any way depend upon § 502(a)(1)(B)'s success, *Tolson,* 141 F.3d at 610, the Court sees no reason to have the parties engage in the type of "needless discovery and fact-finding"[19] that Rule 12(b)(6) was intended to prevent.

Therefore, Defendant's request that Plaintiff's ERISA § 502(a)(3) claim be dismissed as barred by Plaintiff's ERISA § 502(a)(1)(B) claim is granted.

---

[16] *See Tolson v. Avondale Indus., Inc.*, 97-CV-896, 1997 WL 539919, at **7—8 (E.D. La. Aug. 29, 1997).

[17] 238 F. Supp. 2d at 835.

[18] 2006 WL 2700056 at *2.

[19] *Neitzke*, 490 U.S. at 327.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 35)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's ERISA § 502(a)(3) claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL** have until December 8, 2015 to **AMEND** its Amended Complaint (Doc. 26) in a way that accords with this Ruling and Order.

Baton Rouge, Louisiana, this 20th day of November, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**