UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARDIOVASCULAR SPECIALTY CARE CENTER OF BATON ROUGE, LLC** | * * * * | **CIVIL ACTION NO. 3:14-CV-235** |
| **VERSUS** | * * | |
| **UNITED HEALTHCARE OF LOUISIANA, INC.** | * * | |

**************************************************************************

## ORDER

Before the Court is Plaintiff's Motion to Compel Corporate Deposition and Motion for Expedited Consideration. (R. Doc. 95). Plaintiff seeks an order from this Court compelling the Defendant to submit to a Rule 30(b)(6) deposition and for the Defendant to pay Plaintiff its expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37.

The Scheduling Order was issued in this matter on February 4, 2016. (R. Doc. 70). Based on the deadlines proposed by the parties, the Court set a deadline of May 31, 2016 to file all discovery motions and complete all discovery except experts. (R. Doc. 70 at 2, 4). On May 27, 2016, the parties filed a Joint Motion to Extend Scheduling Order Deadline. (R. Doc. 88). That motion requested, in part, "that the time frame for filing all discovery motions and completing all discovery, except experts, be continued from May 31, 2016 until June 30, 2016. The Court granted that request and the applicable deadline was reset for June 30, 2016. (R. Doc. 89). No other modifications to the scheduling order deadlines have been requested. Fact discovery and the time within which to file any discovery related motions expired on June 30, 2016.

The instant motion was filed almost three months after the deadline to file discovery related motions. The motion is untimely. In addition, this Court's local rules specifically

provide that "Discovery depositions must be completed before the discovery deadline." LR 26(d)(2).  The Court will not compel a party, and order expenses and attorney's fees as Plaintiff requests, to do something that is contrary to both the Court's deadlines and local rules.[1]

Had Plaintiff sought an extension of the discovery deadlines for the purposes of taking an out of time deposition, such a request would need to be supported by a showing of good cause pursuant to Fed. R. Civ. P. 16.  Based on the representations in the current motion, such a request would be unsuccessful.  The parties were specifically advised that "a motion to extend any deadline set by this Order must be filed before its expiration." (R. Doc. 70 at 3).  No such request was sought before June 30, 2016.  In the motion, Plaintiff represents that the parties began circulating notices of deposition in August of 2016.  While the parties are free to agree to conduct unopposed discovery after the deadlines to do so, those informal agreements will not be enforced by the Court.  The parties were aware of the need to seek relief from the Court to modify the deadlines and had done so previously.  Discovery is now closed.  Dispositive motions are due October 3, 2016.  Accordingly,

Plaintiff's request for expedited consideration is granted.  The Motion to Compel Corporate Deposition (R. Doc. 95) is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 27, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court need not address Plaintiff's remaining arguments pertaining to whether such discovery is even permissible under the facts and applicable law in this matter.